UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM FRANKLIN MORRIS, ) | No. CV 18-10262 DMG (FFM) |
| ) | |
| Petitioner, ) | ORDER SUMMARILY DISMISSING |
| v. ) | PETITION |
| ) | |
| STEVE LANGFORD, Warden, ) | |
| ) | |
| Respondent. ) | |
| ———————————————— ) | |

On December 11, 2018, Petitioner Tom Franklin Morris ("Petitioner"), a federal inmate currently incarcerated at the United States Penitentiary in Lompoc, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") [Doc. # 1]. The Petition challenges Petitioner's 2005 sentence imposed following a jury trial in the United States District Court for the Eastern District of Texas.

## PROCEDURAL BACKGROUND[1]

On February 1, 2005, Petitioner was found guilty following a jury trial of conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count 1) and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (Count 6). In calculating Petitioner's sentence, the

---

[1]The Court takes judicial notice of Petitioner's criminal and post-conviction proceedings in the Eastern District of Texas in case nos. 4:04-cr-92, 4:08-cv-366, and 4:18-cv-230.

sentencing court classified Petitioner as a "career offender" under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.[2]   Petitioner alleges that the court's finding that Petitioner was a "career offender" was based in part on a prior burglary conviction under TEXAS PENAL CODE § 30.02.  [Doc. # 1, pp. 13-14.]  The court imposed a sentence of 360 months imprisonment for count one and 240 months imprisonment for count six, to be served concurrently.  *Morris v. United States*, 2018 WL 2144502, at *1 (E.D. Tex. Apr. 6, 2018), *Report and Recommendation* adopted in *Morris v. United States*, 2018 WL 2131604 (E.D. Tex. May 7, 2018).  Petitioner's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on March 9, 2007.  *United States v. Dawes,* 222 Fed.Appx. 399 (5th Cir. 2007).  The United States Supreme Court denied a petition for writ of certiorari on October 1, 2007.  *Morris v. United States*, 552 U.S. 856,128 S.Ct. 131 (Oct. 1, 2007).

Petitioner then filed a motion pursuant to 28 U.S.C. § 2255 with the Eastern District of Texas (Civil Action No. 4:08-cv-366), which was denied and dismissed with prejudice on August 30, 2011.  *Morris*, 2018 WL 2144502, at *1.  The Fifth Circuit Court of Appeals denied his motion for certificate of appealability on September 7, 2012.  *Id.*  Petitioner then filed a second section 2255 motion (Civil Action No. 4:16-cv-480), which was dismissed as successive on February 3, 2017.  *Id.*  Petitioner then filed a third section 2255 motion (Civil Action No. 4:18-cv-230), arguing that he is entitled to relief based on the recent Supreme Court case, *United States v. Herrold, ___ U.S. ___*, 137 S.Ct. 310 (2016) (remanding for reconsideration in light of *Mathis v. United States*, 126 S.Ct. 2243 (2016)).  Petitioner's third section 2255 motion was dismissed as successive on May 7, 2018.  *Morris*, 2018 WL 2131604.

---

[2] U.S.S.G. § 4B1.1, in relevant part, provides the following: "[a] defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

## PETITIONER'S CONTENTIONS

Petitioner raises the following four grounds for relief:

Ground One: He was sentenced in violation of the Ex Post Facto Clause of the United States Constitution, Article I, Section 9, and the U.S.S.G. Manual Section 1.B1.11(b)(1);

Ground Two: He is being illegally detained due to the misapplication of the career offender Guideline enhancement;

Ground Three: He is currently serving an illegally extended sentence that is "procedur[al]ly and substantially" unreasonable; and

Ground Four: He is being illegally detained by a sentence issued with an erroneously increased mandatory minimum.

Petitioner's primary contention is that, based on the Fifth Circuit's en banc opinion in *United States v. Herrold,* 883 F.3d 517 (5th Cir. 2018) (conviction under Texas burglary statute cannot serve as a predicate offense for sentence enhancement under the Armed Career Criminal Act), the sentencing court erroneously relied upon Petitioner's prior Texas burglary conviction when classifying him as a "career offender" under U.S.S.G. § 4B1.1. Petitioner asserts that, had the court not relied on that conviction, he would have been subject to a reduced sentencing range, which he has already served. [Doc. # 1, p. 6.]

## DISCUSSION

Because Petitioner is challenging the legality of his sentence, he may not assert his claim under 28 U.S.C. § 2241 ("section 2241") unless he can show that his remedy under section 2255 is inadequate or ineffective to test the legality of his detention. Here, Petitioner fails to make that showing. Thus, the Court lacks jurisdiction to decide Petitioner's claim. Moreover, as the sentencing court has already dismissed for want of jurisdiction Petitioner's third section 2255 motion raising the same issue, and Petitioner has acknowledged that he cannot meet the gatekeeping requirements for filing a successive section 2255 motion, the Court declines to transfer this matter to the

3

sentencing court or the Fifth Circuit Court of Appeals.

A.    Petitioner May Not Raise His Claim in a Petition Under Section 2241

The Court is obligated to address the issue of jurisdiction before it can reach the merits of Petitioner's claim. *See Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). Challenges to the legality of a conviction or a sentence generally must be made in a motion to vacate sentence filed under section 2255 in the sentencing court. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Challenges to the manner, location, or conditions of a sentence's execution must be filed under 28 U.S.C. § 2241 ("section 2241") in the custodial court. *See Hernandez*, 204 F.3d at 864.

Notwithstanding the general rule that a petitioner must challenge the legality of his confinement in the sentencing court, section 2255(e) provides an exception to this rule if section 2255 "is inadequate or ineffective to test the legality of his detention." Under section 2255(e), known as the "escape hatch," a petitioner may challenge the legality of his sentence in the custodial court through a petition filed under section 2241 if he meets certain requirements. *E.g.*, *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In the Ninth Circuit, the escape hatch is available to a petitioner when he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). Significantly, if the petitioner satisfies the escape hatch requirements, he may avoid the procedural hurdles that are specific to section 2255 motions. *See, e.g.*, *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003) (petitioner may use the escape hatch to avoid the bar on second or successive motions).

Here, because Petitioner seeks to challenge the legality of his sentence, the Petition should have been filed as a section 2255 motion in the sentencing court unless Petitioner can demonstrate that the escape hatch entitles him to file the Petition under section 2241. However, as Petitioner has previously filed a section 2255 motion, any further motions are subject to denial as second or successive unless his claims are

based on newly discovered evidence or on a new rule of constitutional law. *See* 28 U.S.C. 2255(h). Because his present claim is not predicated on either of those acceptable bases, Petitioner argues that section 2255 leaves him no way to raise his present claim and is therefore "inadequate or insufficient to test the legality his detention."

However, Petitioner cannot show that his claim falls under section 2255's escape hatch. Assuming that, based on the recent change in the law brought about by the Fifth Circuit's decision in *Herrold*, Petitioner has never had an unobstructed opportunity to present his current claim, he nevertheless does not allege – let alone prove – that he is actually innocent. "In [the Ninth Circuit], a claim of actual innocence for the purposes of the escape hatch of section 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998): To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Actual innocence means factual innocence, not merely legal insufficiency." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012).

In *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." *Marrero*, 682 F.3d at 1195. Acknowledging that "actual innocence means factual innocence, not mere legal insufficiency," the court found that the petitioner was not eligible for the escape hatch, despite a change in the law that resulted in the conclusion that the petitioner was "incorrectly treated as a career offender." *Id.* at 1193. At least one court within this circuit has found that *Marrero* applies specifically to instances where a petitioner is classified as a career offender under U.S.S.G. § 4B1.1. *Williams v. Fox*, 2016 WL 1530045 (C.D. Cal. Feb. 24, 2016), *Report and Recommendation adopted by* 2016 WL 1465316 (C.D. Cal. Apr. 14, 2016).

Although Petitioner does not argue that he was actually innocent of the crime, he does argue that, "[n]o reasonable jurist would find Petitioner guilty of the career offender enhancement if he were to be sentenced today." [Doc. # 1, p. 6.] In *Marrero*, the Ninth Circuit acknowledged that it has not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch. *Marrero*, 682 F.3d at 1193. However, in *Marrero*, as in the present case, the petitioner's claim regarding his sentence was a purely legal claim that had nothing to do with factual innocence. *Id.* Thus, as in *Marrero*, Petitioner's claim that he was improperly classified as a career offender is not cognizable as a claim of actual innocence for the purposes of the escape hatch.

In sum, because Petitioner does not qualify for the escape hatch provision of section 2255(e), he may not bring the present challenge to his sentence as a section 2241 petition in this Court but must raise it in a section 2255 motion. Because a section 2255 motion must be filed before the sentencing court, this Court lacks jurisdiction over Petitioner's claim.

B.    The Petition Should Not Be Transferred

Where a court lacks jurisdiction over a matter, that court may transfer the matter to a court with jurisdiction over the claim. *See* 28 U.S.C. § 1631. Transfer of habeas petitions is proper where: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). Here, the Court declines to transfer this matter to the Eastern District of Texas or the Fifth Circuit Court of Appeals. Petitioner filed a third section 2255 motion in the Eastern District of Texas raising the new decision in *Herrold*. *Morris*, 2018 WL 2144502, at *1. That petition was dismissed for want of jurisdiction because Petitioner had not obtained permission from the Fifth Circuit to file a successive section 2255 motion. *Id.* Further, Petitioner cannot meet the gatekeeping requirements to file a successive section 2255 motion. The circuit court will not authorize a second

or successive petition unless it is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) new facts that could not have been discovered previously through the exercise of due diligence and which would, if proven and viewed in light of the evidence as a whole, be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Petitioner's grounds for relief are based on the Fifth Circuit's interpretation of the Texas Penal Code, not a new rule of constitutional law. Further, his arguments are based on a legal argument, rather than new facts. Thus, the Court finds that transfer is improper.

## CONCLUSION

For the foregoing reasons, the Petition is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

DATED: January 8, 2019

_____
DOLLY M. GEE
United States District Judge

Presented by: /S/FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge